**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **WACHOVIA SECURITIES, LLC,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**LOOP CORP.,** )<br>)<br>**Defendant.** )<br>) | No. 05 C 3788<br><br>Magistrate Judge Maria Valdez |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Wachovia Securities, LLC's ("Wachovia") Motion to Compel and for Sanctions [Doc. No. 68]. For the reasons that follow, Wachovia's motion is granted in part and denied in part.

### BACKGROUND

In this citation proceeding, Wachovia seeks to discover the assets of defendant Loop Corp. ("Loop") in order to collect on an arbitration award previously entered in Wachovia's favor. During the course of this lengthy proceeding, Wachovia has asked Loop to produce numerous categories of documents related to real estate, real estate partnerships, and other assets owned by Loop Properties ("LP"), an entity that is wholly owned by Loop. Loop has refused to produce LP's documents, arguing that the requested documents are irrelevant and that the requests improperly seek to hold the subsidiary liable for the acts of the parent. Wachovia now moves to compel Loop to produce documents related to Loop's and LP's assets.

### DISCUSSION

Federal Rule of Civil Procedure ("Rule") 34 provides that a party may serve another party with a request to produce documents that are "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1); *see In re Folding Carton Antitrust Litig.*, 76 F.R.D. 420, 423 (N.D. Ill. 1977) (explaining that motions brought under Rule 34 are generally "entitled to broad and liberal treatment").

The issue in this case is whether Loop has custody or control over LP's financial documents. *See Steele Software Sys. Corp. v. Dataquick Info. Sys., Inc.*, 237 F.R.D. 561, 564 (D. Md. 2006) ("Although the rule [Rule 34] itself does not directly address this issue [of custody and control], the case law has filled in the gaps."). A party may be in control of documents even if it does not actually possess them: "The test is whether the party has a legal right to control or obtain them." *In re Folding Carton Antitrust Litig.*, 76 F.R.D. 420, 423 (N.D. Ill. 1977) (citations omitted); *see Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *Dexia Credit Local v. Rogan*, 231 F.R.D. 538, 542 (N.D. Ill. 2004); *Alexander v. Fed. Bureau of Investigation*, 194 F.R.D. 299, 301 (D.D.C. 2000).

As the party seeking production, Wachovia has the burden of showing that Loop is in control of the documents in LP's possession. *See Steele Software Sys.*, 237 F.R.D. at 565; *Camden Iron & Metal, Inc. v. Marubeni Am. Corp.*, 138 F.R.D. 438, 441 (D.N.J. 1991). "The burden may shift, however, when the party from whom production is sought fails to respond to assertions of control when given the opportunity to do so." *Steele Software Sys.*, 237 F.R.D. at 565.

LP's corporate relationship with Loop does not, by itself, make documents in its possession subject to discovery. *See id.* A party's control over documents in the possession of a corporate affiliate "rests on a determination of whether the defendant has

2

practical and actual managerial control over, or shares such control with, its affiliate, regardless of the formalities of corporate organization." *Westinghouse Elec. Corp. v. Rio Algom Ltd. (In re Uranium Antitrust Litig.)*, 480 F. Supp. 1138, 1145 (N.D. Ill. 1979); *see Dexia Credit Local*, 231 F.R.D. at 542; *see also Steele Software Sys.*, 237 F.R.D. at 564 ("Courts are able to disregard corporate form to prevent, among other things, 'misleading actions whereby corporations try to hide documents or make discovery of them difficult.'") (citation omitted).

Courts analyzing a party's control of documents in the possession of a non-party affiliate look to several factors, including: (1) the party's and non-party's corporate structure; (2) the degree of ownership exercised by the parent over the subsidiary; (3) the financial relationship between the party and non-party; (4) the amount of overlap of directors, officers, and employees; and (5) the party's access to the non-party's documents in the ordinary course of business. *See Steele Software Sys.*, 237 F.R.D. at 564; *Camden Iron & Metal*, 138 F.R.D. at 442. "Control has been found where the party and its related nonparty affiliate are owned by the same individual." *Steele Software Sys.*, 237 F.R.D. at 564 (describing cases finding evidence of control where the related companies share members of boards of directors or management); *see also Advance Labor Serv., Inc. v. Hartford Accident & Indem. Co.*, 60 F.R.D. 632, 633-34 (N.D. Ill. 1973) (ordering production of documents in control of non-party corporation where the two corporations had identical directors and shareholders).

The Court finds that Wachovia has made a sufficient showing that the requested documents are both relevant to the citation proceeding and within Loop's custody and control. First, contrary to Loop's assertions, assets held by LP (a wholly owned

3

subsidiary of Loop to which Loop transferred nearly all of its assets without consideration) are relevant to Wachovia's efforts to discover Loop's assets, whether or not Wachovia will ultimately seek a turnover of those assets.

Second, all of LP's documents are unquestionably in Loop's custody and control. Through the testimony of Loop's corporate representative, Wachovia has established that: (1) there is no appreciable difference between Loop and LP; (2) LP is considered to be an asset of Loop; (3) documents reflecting LP's assets exist and are in the possession of LP and/or entities in which LP holds an interest; and (4) Loop's owners have the legal right to obtain all documents reflecting LP's assets, whether those documents are in the possession of LP or other entities. *See Steele Software Sys.*, 237 F.R.D. at 564 (holding, in a citation proceeding, that a corporate judgment debtor had control over documents in the possession of related entities that shared common ownership); *see also Societe Internationale v. Rogers*, 357 U.S. 197, 200 204 (1958) (accepting the findings of two lower courts that documents held by a "substantially identical" co-conspirator were within a party's control); *Societe Internationale v. McGranery*, 111 F. Supp. 435, 442 (D.D.C. 1953) (concluding that "[t]hrough the interlocked web of corporate organization, management and finance there runs the thread of a fundamental identity of individuals in the pattern of control"). Loop's response does not dispute any of these assertions of control.

Loop's argument that production would entail a piercing of the corporate veil is a red herring. Wachovia is not seeking to hold LP liable for Loop's acts; the parties are engaging in discovery, and the documents must be produced by Loop because they are within Loop's *own* custody and control. Loop's other arguments – that some relevant

4

documents were already produced and that Wachovia had an opportunity to discover information related to LP's real estate holdings during the deposition of LP's property manager – are also unpersuasive. Nowhere does Loop assert that it has produced all documents related to LP's assets, and furthermore, Wachovia has a right to discover that information through documents, not solely through deposition testimony.

Wachovia's motion is therefore granted to the extent it seeks to compel production of the documents referenced in its April 25, 2007 and May 25, 2007 letters, as well as any and all other documents related to any assets owned by Loop or LP. Loop must produce all such documents no later than thirty days after this order is entered. Wachovia is also granted leave to depose Loop's corporate representative Andrew Jahelka regarding any newly produced documents, but only as to those documents. Wachovia's motion for sanctions and attorneys' fees and costs is denied.

## **CONCLUSION**

For the foregoing reasons, Plaintiff Wachovia Securities, LLC's Motion to Compel and for Sanctions [Doc. No. 68] is granted in part and denied in part.

SO ORDERED.	ENTERED:

	June 27, 2008	_Maria Valdez_ (signature)

DATE: _____	_____
	**HON. MARIA VALDEZ**
	**United States Magistrate Judge**