# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| WACHOVIA SECURITIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05 C 3788 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| LOOP CORP. et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Wachovia Securities, LLC ("Wachovia") filed this action in June 2005 to enforce an arbitration award against Loop Corp. ("Loop") in the amount of $2,478,418.80. (Doc. 1.) Judgment was entered in September 2005. (Doc. 20.) The six year anniversary of this action is approaching, but Wachovia's judgment remains unsatisfied. This matter comes before the court on four pending motions.

On May 5, 2010, Magistrate Judge Valdez issued her Report and Recommendation (Doc. 223) that Wachovia's First Motion for Turnover Order Against Judgment Debtor ("First Motion for Turnover") (Doc. 124) be granted. The referral was subsequently transferred to Magistrate Judge Kim. (Doc. 224.) Judge Kim issued a Report and Recommendation (Doc. 246) on June 18, 2010 that the court also grant Intervenor Plaintiff Golf Venture LLC's ("Golf Venture's") Motion for Turnover Order Against Judgment Debtor ("Second Motion for Turnover") (Doc. 211). On November 11, 2010, Judge Kim issued a second Report and Recommendation (Doc. 270) that the court deny Wachovia's Motion to Enjoin Payments from Debtor's Subsidiary to Debtor's Shareholders, and to Invalidate Banco Panamerico Inc.'s Lien Over EZLinks Golf, Inc. ("Motion to Enjoin Payments") (Doc. 233) and deny Golf Venture's Motion to Join

Wachovia Securities, LLC's Motion to Enjoin Payments and for Additional Relief ("Motion for Additional Relief") (Doc. 250).

Federal Rule of Civil Procedure 72(b)(2) permits the parties to file objections to a magistrate judge's Report and Recommendation. In this case, several objections have been filed to each Report and Recommendation. This court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to," and the court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## I. FIRST AND SECOND MOTIONS FOR TURNOVER

During the course of a citation examination, Wachovia discovered that Loop owns stock in EZ Links Golf, Inc. ("EZ Links"). The value of the stock has been estimated at $11,455,822. Defendant Banco Panamericano ("Banco") holds the physical stock certificates and claims to possess a security interest in Loop's shares. Loop's debt to Banco is over $17 million.

On July 22, 2009, Wachovia filed its First Motion for Turnover, seeking an order directing Loop to hand over the EZ Links shares. (Doc. 124.) Although Banco claimed priority over the shares, Wachovia argued that Banco's lien had been invalidated in a separate, related proceeding before Judge Kendall. *See Wachovia Secs., LLC v. Jahelka*, 586 F. Supp. 2d 972, 1016 (N.D. Ill. 1026) ("Wachovia proved by clear and convincing evidence that Banco's blanket lien was made with the actual intent to hinder and delay Wachovia's efforts to collect Loop's judgment under 740 ILCS 160/5(b)(1), (2), (5), and

(9) and Banco's security interest in Loop's assets constitutes a 'fraudulent transfer' under the UFTA [Uniform Fraudulent Transfer Act].").

Banco opposed the motion arguing, among other things, that Judge Kendall's ruling could not have preclusive effect in this action: "In [Judge Kendall's] case, issues of attorneys' fees and prejudgment interest are still pending, and as even Wachovia concedes, the decision is *not* final." (Doc. 135, Banco's Objection to First Mot. for Turnover, at 2 (emphasis in original).) The parties engaged in multiple rounds of briefing on the First Motion for Turnover.

Judge Kendall entered final judgment in the case before her on January 4, 2010. *Wachovia Secs., LLC v. Neuhauser*, 04-cv-3082, Doc. 457 (N.D. Ill. Jan. 4, 2010) (Order of Final Judgment). Shortly thereafter, Banco filed a notice of appeal. *Id.*, Doc. 470 (Jan. 25, 2010).

On March 24, 2010, Judge Valdez issued an order granting the First Motion for Turnover and ordering Loop to turnover the EZ Links shares. (Doc. 202.) In a footnote, Judge Valdez noted:

> Banco also argues that the *Jahelka* order is not yet final. This argument has become moot, as a final judgment was entered in that case on January 4, 2010.

(Doc. 202 at 4 n.1.) Within days, Banco filed a motion asking Judge Valdez to reconsider and amend her March 24 order. (Doc. 205.) Banco contended that the order should have been issued as a Report and Recommendation, and that Judge Valdez failed to recognize that she could not give Judge Kendall's opinion preclusive effect because Banco's appeal was pending and, thus, was not "final" for the purpose of Illinois preclusion law.

Judge Valdez granted Banco's motion in part by reissuing her opinion as a Report and Recommendation on May 5, 2010. (Doc. 223.) However, Judge Valdez refused to reconsider her ruling on the preclusion issue. She noted that motions for reconsideration are not an opportunity to advance new arguments that should have been raised earlier. *See Popovits v. Circuit City Stores*, 185 F.3d 726, 730 (7th Cir. 1999.) She explained:

> Banco's objection [to the First Motion for Turnover] did not argue that issue preclusion should not apply until Banco had exhausted it [*sic*] appeals, nor did it suggest that Banco intended to appeal Judge Kendall's order. At the time the objection was filed, Banco knew or should have known that it might appeal the decision. In any event, Banco filed its notice of appeal in *Jahelka* on January 25, 2010, nearly two months before the underlying order was issued. Banco never sought to file a supplemental objection or otherwise inform the Court of the appeal and it [*sic*] argument regarding issue preclusion. Because the argument was not before the Court but could have been raised earlier, the Court denies Banco's motion to reconsider.

(Doc. 221 at 2.) Banco objected to Judge Valdez's Report and Recommendation, and Loop filed its own objection joining in Banco's arguments.

First, Banco contends that it did not waive its argument that Judge Kendall's ruling was not final. Banco points to the transcript from a January 6, 2010 status hearing before Judge Valdez. (*See* Doc. 236, Ex. 6 at 8-9.) At the hearing, counsel for Loop informed Judge Valdez that Judge Kendall had just entered final judgment in the related case. Counsel for Banco argued that Judge Valdez should wait to rule on the First Motion for Turnover because Judge Kendall's ruling could not be used for purposes of collateral estoppel until Banco's appeal was complete. Banco's counsel cited *Garrett v. Illinois State Toll Highway Auth.*, 582 F. Supp. 2d 1039 (N.D. Ill. 2008) (declining to give preclusive effect to state court judgment on appeal because, under Illinois law, "finality requires that the potential for appellate review must have been exhausted"),

4

offered a copy of the case to Judge Valdez, and asked whether the court wanted the parties to brief the issue. Judge Valdez informed the parties that she would review Judge Kendall's opinion and issue a minute order if she wanted briefing on the issue of preclusion.

It is a close question whether Banco waived its preclusion argument. Although the parties each filed multiple briefs on the motion for turnover, Banco never fully developed its argument or provided Judge Valdez with pertinent authority until months later at the status hearing. On the other hand, before January 4, 2010, there was no legitimate dispute that Judge Kendall's decision was not yet final. Collateral estoppel, or issue preclusion, "generally bars relitigation of issues that were litigated fully and *decided with finality* in a previous proceeding." *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1020 (7th Cir. 2006) (emphasis added). Once Judge Kendall entered final judgment, Banco alerted Judge Valdez of its appeal, submitted additional authority, and requested an opportunity to brief the issue.

Wachovia responds that, even if Banco did not waive its preclusion argument, the federal rule is that an issue has been litigated to finality as soon as final judgment is entered, regardless of appellate rights. *See Williams v. C.I.R.*, 1 F.3d 502, 504 (7th Cir. 1993) ("[A] judgment final in the trial court may have collateral estoppel effect even though the loser has not exhausted his appellate remedies."). However, Judge Kendall's case involved state law claims, and the court's jurisdiction was based on diversity of citizenship. Banco argues that Illinois preclusion law applies. In Illinois, collateral estoppel cannot be applied until all opportunity to appeal the original decision has been exhausted. *People v. Hopkins*, 922 N.E.2d 1042, 1050 (Ill. 2009).

5

Although federal law determines the preclusive effect of federal court judgments, the Supreme Court held in *Semtek Int'l Inc. v. Lockheed Martin Corp.*, that federal preclusion law may sometimes borrow state rules where substantive law is implicated. 531 U.S. 497, 508-09 (2001). But the Supreme Court cautioned that, "This federal reference to state law will not obtain, of course, in situations in which the state law is incompatible with federal interests." *Semtek*, 531 U.S. at 509. In describing the effect of *Semtek*, one treatise has noted:

> The number of situations that may justify incorporation of state law may prove to be relatively small in relation to the total range of preclusion questions. There are strong federal interests arising from the interdependence of preclusion with federal procedure, and from the common blending of federal questions with state questions in a single action.

Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, 18B Federal Practice & Procedure § 4472 at 379-80 (2d ed. 2002). Critically, for purposes of this case, the Seventh Circuit has held that, "[S]tate rules that undermine the finality of federal judgments are not incorporated [under the analysis of *Semtek*]." *In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig.*, 333 F.3d 763, 767 (7th Cir. 2003). There is a strong federal interest in enforcing the finality of orders from other federal district courts, and this court cannot ignore the judgment entered by Judge Kendall. Accordingly, the objections of Banco and Loop premised on the fact that Judge Kendall's opinion does not have preclusive effect are overruled.

Banco also objects to Judge Valdez's order, which directs Loop to convey the EZ Links shares to the Sheriff of Cook County to hold a public auction, on the ground that a state court has previously enjoined the sale of the shares. The court agrees with Judge

6

Valdez's conclusion that the state court order only applies to a sale by Banco and not a sale in general. Accordingly, the court overrules this objection.

The court also overrules Banco's final objection that Judge Valdez should have considered other methods of sale for the EZ Links shares, other than auction by the sheriff. Wachovia responds that it "will support any appropriate method of sale that will maximize the sale price of Loop's EZ Links stock." (Doc. 239, Wachovia's Resp. to Banco's Objections, at 15.) At this point, however, no party has proposed any other method of sale. The court sees no reason why the order cannot be modified at a later date if a better method of sale is suggested.

Intervenor Golf Venture LLC ("Golf Venture") also filed an objection to Judge Valdez's Report and Recommendation. However, its objection appears to be addressed by Judge Kim's June 18 Report and Recommendation.

Golf Venture's Second Motion for Turnover asks the court to modify Judge Valdez's proposed order to indicate that Golf Venture be listed as a beneficiary of the trust that will be created upon the sale of the EZ Links shares. In his June 18 Report and Recommendation, Judge Kim has recommended the court grant this motion. Banco and Loop object to the June 18 Report and Recommendation, but only by raising the same objections that the court has overruled.

Accordingly, the court adopts Judge Valdez's Report and Recommendation and Judge Kim's June 18 Report and Recommendation, grants the First and Second Motions for Turnover, and will enter the order proposed by Judge Valdez as modified by Judge Kim.

## II. MOTION TO ENJOIN PAYMENTS AND MOTION FOR ADDITIONAL RELIEF

Wachovia and Golf Venture each filed motions accusing EZ Links of improperly funneling money out of the corporation, money which rightfully belongs to Loop and is thus subject to the citation issued to EZ Links. Wachovia and Golf Venture ask the court (1) to enjoin EZ Links from making payments to three of its directors who are also shareholders of Loop, (2) to enjoin EZ Links from making payments to five corporations set up by the Loop shareholders, and (3) to void a lien held by Banco over the assets of EZ Links. Wachovia and Golf Venture both object to Judge Kim's November 11 Report and Recommendation and disagree with his legal conclusions and assessment of the facts.

After considering the objections, the court agrees with the analysis of Judge Kim. The citations in this case give Wachovia and Golf Venture the right to assets of Loop, not EZ Links. In order to obtain their requested relief, Wachovia and Golf Venture would have the burden of proving (1) that the transfers made by EZ Links had no legitimate business purpose, and (2) that the loan supporting Banco's lien violated the Uniform Fraudulent Transfer Act. For the reasons stated by Judge Kim, Wachovia and Golf Venture have not produced any evidence to prove the second proposition, and the evidence supporting the first proposition does not permit the court to make the inferential leap suggested by plaintiffs. Wachovia and Golf Venture contend that Judge Kim should have held an evidentiary hearing if he felt that they had not met their burden; however, such a hearing would have been a waste of time as the plaintiffs have not even made a prima facie showing that EZ Links has engaged in the fraudulent conduct alleged.

Accordingly, the court overrules the objections of Wachovia and Golf Venture, adopts the November 11 Report and Recommendation of Judge Kim, and denies the Motion to Enjoin Payments and the Motion for Additional Relief.

### III. CONCLUSION

The court adopts Judge Valdez's May 5, 2010 Report and Recommendation granting Wachovia's First Motion for Turnover. The court adopts Judge Kim's June 18, 2010 Report and Recommendation granting Golf Venture's Second Motion for Turnover. The court adopts the November 11, 2010 Report and Recommendation of Judge Kim denying Wachovia's Motion to Enjoin Payments and Golf Venture's Motion for Additional Relief.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: February 18, 2011