**EXHIBIT A**

EZ LINKS GOLF, INC.
BALANCE SHEET
DECEMBER 31, 2009
(See accountant's review report)

## A S S E T S

| | | |
|---|---:|---:|
| **CURRENT ASSETS:** | | |
| Cash and cash equivalents | $ | 21,496 |
| Receivables - Trade, net of reserve of $32,700 | | 366,586 |
| Prepaid expenses and other current assets | | 151,018 |
| Deferred taxes | | 291,000 |
| Total current assets | | 830,100 |
| | | |
| **PROPERTY AND EQUIPMENT:** | | |
| Furniture and fixtures | | 5,962 |
| Computer - Software | | 112,753 |
| Equipment - Leased to third parties | | 2,519,410 |
| | | 2,638,125 |
| Less - Accumulated depreciation | | 1,838,534 |
| Net property and equipment | | 799,591 |
| | | |
| **OTHER ASSETS:** | | |
| Deposits | | 15,958 |
| Note receivable - Stockholders | | 22,670 |
| Deferred taxes | | 3,698,665 |
| Total other assets | | 3,737,293 |
| Total assets | $ | 5,366,984 |

The accompanying notes are an integral part of this statement.

**EXHIBIT B**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

BANCO PANAMERICANO, INC., a South Dakota corp.,

v.

LOOP CORP., INC., a South Dakota corp.,

No. 10 L 011850

### CITATION TO DISCOVER ASSETS

To: Loop Corp., Inc.

**YOU ARE COMMANDED** to appear before Judge White _____ or any judge sitting in his/her stead in Room 2503 at the location of 50 W. Washington Street, Chicago, Illinois, on March 2 , 2011 , at 9:30 a. m. to be examined under oath to discover assets or income not exempt from enforcement of a judgment. A judgment in favor of Banco Panamericano, Inc. and against Loop Corp., Inc. was entered on January 21 , 2011 (or revived on _____ , _____ ) in the amount of $ 27,481,107.50 and $ 27,481,107.50 remains unsatisfied.

**YOU ARE COMMANDED** to produce at the examination:

See attached Rider.

and all books, papers or records in you possession or control which may contain information concerning the property or income of, or indebtedness due judgment debtor.

**YOU ARE PROHIBITED** from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the judgment debtor or to which the judgment debtor may be entitled or which may be acquired by or become due to the judgment debtor and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to the judgment debtor, until further order of court or termination of the proceedings. You are not required to withhold the payment of any money beyond double the amount of the judgment.

**WARNING:** YOUR FAILURE TO APPEAR IN COURT AS HEREIN DIRECTED MAY CAUSE YOU TO BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT IN THE COUNTY JAIL.

### CERTIFICATE OF ATTORNEY (OR NON - ATTORNEY)

NOTE: THIS CITATION MUST BE ACCOMPANIED AT THE TIME OF SERVICE BY EITHER A COPY OF THE UNDERLYING MEMORANDUM OF JUDGMENT OR A CERTIFICATION BY EITHER THE CLERK THAT ENTERED THE JUDGMENT OR THE ATTORNEY FOR THE JUDGMENT CREDITOR SETTING FORTH THE FOLLOWING:

In the Circuit Court of Cook County (or other Jurisdiction _____ ) on January 21 , 2011 , (specify)

A judgment in the amount of $ 27,481,107.50 was entered in favor of Banco Panmericano, Inc. and against Loop Corp., Inc. in Case No. 10 L 011850 and a balance of $ 27,481,107.50 remains unsatisfied.

I, the undersigned certify to the Court, under penalties as provided by law pursuant to 735 ILCS 5/1-109 that all information stated herein is true.

Atty. No.: 46484

Name: Louis D. Bernstein

Address: 350 N. Clark Street, Suite 400

City/State/Zip: Chicago, IL 60654

Telephone: 312.645.6090

(Signature of Attorney)

WITNESS: FEB 16 2011 ,

Clerk of the Circuit Court

SEAL

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## RIDER TO CITATION TO DISCOVER ASSETS

YOU ARE REQUIRED to produce the following documents and records at the citation hearing:

1. Copies of any and all documents which relate to or refer to the description location and/or title to any and all parcels of real property in which the judgment debtor has an interest or had an interest in the last three years, either legal or equitable, in jointly owned property, community property, life estates, leaseholds, and rights and powers exercisable with respect to any such real estate for the judgment debtor's benefit.

2. Copies of any and all documents which relate to or refer to the following types of personal property in which the judgment debtor has an interest, or had an interest in the last three years, including without limitations, any and all evidence of title, asset value and insurance of such personal property: Cash 0on hand; Deposits of money with banking institutions savings and loan associations, credit unions, public utility companies, landlords and others (including without limitation, all checking accounts, savings accounts and certificates of deposits); Household goods, supplies and furnishes; Books, pictures and other art objects; Precious gems, Historical artifacts or other objects of historical value; Stamp, coin and other collections; Automobiles, trucks, trailers or other vehicles; Evidence of stock or other ownership in any corporations, partnerships, sole proprietorships or other business entity; Evidence of any right or claim to the good will, customer lists, trademark of copyrights, of any business or commercial entity.

3. Copies of the judgment debtor's federal and state income tax returns for three years prior to the date hereof.

4. Copies of financial statements filed by or on behalf of the judgment debtor for any and all periods of time within the three years prior to the date hereof.

5. Copies of records of any and all payments made to the judgment debtor, checks or other payments due or payable to the judgment debtor, and payments owed to the judgment debtor for the three years prior to the date hereof.

6. Copies of records of any and all agreements between the judgment debtor and any party other than the judgment creditor, by which the judgment debtor would be entitled to receive or be obligated to pay, at any time during the last three years, or any time in the future, any amount in excess of $100,000.00, including, without limitation all lease agreements, mortgages, financing agreements, promissory notes, trust agreements, installment orders, stipulations, or assignments.

7. Copies of all bank statements, cancelled checks, bank memoranda, check books or any other record relating to the checking accounts, savings accounts or any other accounts maintained by the judgment debtor with the past three years at any bank, savings and loan or other financial institution.

8. Copies of all deeds, mortgages, trust deeds, certificates of participation, trust agreements and contracts for deeds, evidencing any ownership, interest, legal or equitable in real estate in which the judgment debtor now has or had any interest during the past three years.

9. Copies of all passbooks and certificates of deposit which evidence accounts in a bank, savings and loan association or other financial institution in which the judgment debtor has had any interest during the last three years.

10. Copies of all statements of account relating to a stock or commodities brokerage account(s) maintained with a stock or commodities broker in which the judgment debtor now has or had any interest during the last three years.

11. Copies of all stock certificates, notes, bonds, debentures, options or any other documents whether negotiable or non-negotiable in which the judgment debtor now has or had any interest during the last three years.

12. Copies of all life, casualty and personal property insurance policies which the judgment debtor now has or had any interest during the last three years.

13. Copies of all correspondence, documents and records pertaining to claims and settlements between the judgment debtor and any party other than the judgment creditor which were executed at any time during the past three years.

14. Copies of all receipts, rental agreements or other statements relating to an safety deposit boxes in which the judgment debtor now has or has an interest during the last three years.

15. Copies of all certificates of title for automobiles, trucks or other motor vehicles in which the judgment debtor now has or had an interest during the past three years.

16. Copies of all certificates of title, registration certificates, agreements or any other form of record indicating ownership or a proprietary interest in airplanes, boats, ships, yachts or thoroughbred race horses in which the debtor now has or had an interest during the last three years.

17. Copies of all certificates of title or other evidences of ownership of inventory, machinery, supplies fixed assets, plant warehouses or other like assets belonging to the judgment debtor now or at any time during the last three years.

18. Copies of all documents and records pertaining to the judgment debtor's cash on hand from three years prior to the date hereof to the present.

19. Copies of all documents and records pertaining to any funds or other assets belonging to the judgment debtor, or controlled by the judgment debtor, in any escrow account, at any and all times over the past three years prior to the date hereof.

20. Copies of any and all agreements, memoranda, notes or other documents, files or records relating to any partnership, joint venture or other type of business association in which the judgment debtor now has or had an interest during the last three years prior to the date hereof.

21. Copies of any and all books, records, journals ledgers, financial statements, both certified and otherwise , accounts worksheets, ad any and all other documents reflecting the business operations and day-to-day affairs of the judgment debtor during the past three years.

22. Copies of any and all the judgments debtor's real estate and personal property tax bills for the three years prior to the date hereof.

23. Copies of any and all the documents or records pertaining to lawsuits of causes or causes of action in which the judgment debtor was a party plaintiff, in which there exists the possibility of a monetary recover or other benefit to the judgment debtor.

24. Copies of any and all documents and records pertaining to claims, accounts receivable, notes or expectancies which the judgment debtor now has against any individual, partnership or corporation.

25. Copies of any and all financing statements, security agreements, and related foreclosure documents, identifying the judgment debtor as either a creditor, debtor or assignee during the last three years.

26. Copies of any and all documents and records pertaining to tangible and intangible assets in which the judgment debtor had or has any interest at any time in the last three years.

27. Copies of any documentary evidence of employment of the judgment debtor during the last three years, including check stubs, employee handbooks, bank deposit slips, employee identification cards and any other evidence of employment.

28. Copies of any and all documents and records pertaining to any city, county, or private club memberships in which the judgment debtor has had any interest during the past three years, including but not limited to, books, records, lists of participation, journals, membership identification, membership accounts, membership certificates, or any other documents that reflect any such interest.

29. Tickets or receipts for any upcoming commercial or private air flight, sporting or theatrical events in the name of or owned or controlled by the judgment debtor.

30. Copies of all bylaws, articles of incorporation, resolutions and general ledgers of the judgment debtor (if the judgment debtor is a corporation) and any and all corporations in which the judgment debtor has a controlling interest.

31. Copies of any and all judgment orders, stipulation and/or settlement agreements, and orders in any and all law suits in which the judgment debtor has ever been a party.

32. Copies of any and all records of UCC filings, assignments of beneficial interest, mortgages or other security interest ever assigned, provided or granted by the judgment debtor to any party other than the judgment creditor.

Citation Notice                                                                          Rev. 10/2/08  CCG 0648 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### MUNICIPAL DEPARTMENT, _____ DISTRICT

☑ Richard J. Daley Center, Room 601, Chicago, IL 60602   ☐ District 2: 5600 Old Orchard Rd., Skokie, IL 60077
☐ District 3: 2121 Euclid, Rolling Meadows, IL 60008   ☐ District 4: 1500 Maybrook Dr., Maywood, IL 60153
☐ District 5: 10220 S. 76th Ave., Bridgeview, IL 60455   ☐ District 6: 16501 S. Kedzie Pkwy., Markham, IL 60426.

### CITATION NOTICE

BANCO PANAMERICANO, INC.,                          No. 10 L 011850
                 **Judgment Creditor**
                         v.                        Court Date: March 2, 2011

LOOP CORP., INC.,                                  Time: 9:30   a.m.
                 **Judgment Debtor**                                   p.m.

**Judgment Debtor's last known:**

Name: Loop Corp., Inc.

Address: c/o CT Corporation, 319 S. Coteau Street

City/State/Zip: Pierre, SD 57501-3108

Telephone: _____

A judgment in favor of Banco Panamericano, Inc. _____ and against Loop Corp., Inc. _____

was entered on January 21 _____, 2011 _____, (or revived on _____, _____)

in the amount of $ 27,481,107.50 _____ and $ 27,481,107.50 _____ remains unsatisfied.

**Name and address of Attorney for Judgment Creditor or Judgment Creditor (if without an attorney):**

Atty. No.: 46484

Name: Louis D. Bernstein

Atty. for: Banco Panamericano, Inc.

Address: 350 N. Clark Street, Suite 400

City/State/Zip: Chicago, IL 60654

Telephone: 312.645.6090

Name of person to receive Citation: Loop Corp., Inc., c/o CT Corporation, Registered Agent

NOTICE: The court has issued a citation against the person named above. The citation directs that person to appear in court to be examined for the purpose of allowing the judgment creditor to discover income and assets belonging to the judgment debtor or in which the judgment debtor has an interest. The citation was issued on the basis of a judgment against the judgment debtor and in favor of the judgment creditor in the amount stated above. On or after the court date stated above, the court may compel the application of any discovered income or assets toward payment on the judgment.

The amount of income or assets that may be applied toward the judgment is limited by federal and Illinois law. **THE JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME OR ASSETS OF THE JUDGMENT DEBTOR WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE.** (see reverse)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

(1) Under Illinois or federal law, the exemption of personal property owned by the debtor includes the debtor's equity interest, not to exceed $4,000 in value, in any personal property as chosen by the debtor, including money in a bank account.

(2) Social Security and SSI benefits;

(3) Public assistance benefits;

(4) Unemployment compensation benefits;

(5) Worker's compensation benefits;

(6) Veteran's benefits;

(7) Circuit breaker property tax relief benefits;

(8) The debtor's equity interest, not to exceed $2,400 in value, in any one motor vehicle;

(9) The debtor's equity interest, not to exceed $1,500 in value, in any implements, professional books, or tools of the trade of the debtor;

(10) Under Illinois law every person is entitled to an estate in homestead, when it is owned and occupied as a residence, to the extent in value of $15,000, which homestead is exempt from judgment.

(11) Under Illinois law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 15% of gross weekly wages or (ii) the amount by which disposable earnings for a week exceed the total of 45 times the greater of the state or federal minimum hourly wage.

(12) Under federal law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 25% of disposable earnings for a week or (ii) the amount by which disposable earnings for a week exceed 30 times the federal minimum hourly wage.

(13) Pension and retirement benefits (including IRA accounts) and refunds may be claimed as exempt under Illinois law.

The judgment debtor may have other possible exemptions under the law.

**THE JUDGMENT DEBTOR HAS THE RIGHT AT THE CITATION HEARING TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH.** The judgment debtor also has the right to seek a declaration at an earlier date by notifying the clerk in writing at the office of the Clerk of the Circuit Court in Room 801

50 W. Washington Street _____ Chicago _____, Illinois. When so notified, the Clerk of the Circuit Court
Street                            City

will obtain a prompt hearing date from the court and will provide the necessary forms that must be prepared by the judgment debtor or the attorney for the judgment debtor and sent to the judgment creditor or the judgment creditor's attorney by regular first class mail, regarding the time and location of such hearing.

This notice may be sent to the judgment debtor by regular first class mail.

---

**CERTIFICATION OF MAILING BY JUDGMENT CREDITOR OR ATTORNEY FOR JUDGMENT CREDITOR**

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure (735 ILCS 5/109), the undersigned certifies that s/he mailed by regular first-class mail a copy of the citation notice and this citation to defendant at the address shown below upon filing of the citation or within three business days of service if served upon Third Party Respondent.

Signature: _____     Name: Louis D. Bernstein

---

(PLEASE PRINT)

Preparing Atty's No.: 46484

Preparing Atty's Name: Louis D. Bernstein

Atty. for: Banco Panamericano, Inc.                    _____
                                                        Preparer's Signature
Address: 350 N. Clark Street, Suite 400

City/State/Zip: Chicago, IL  60654

Telephone: 312.645.6090

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**EXHIBIT C**

# Banco Panamericano, Inc.
330 South Wells Street, Suite 718
Chicago, Illinois 60606

EZLinks Golf, Inc.
401 South LaSalle Street
Suite 400
Chicago, Illinois 60605

September 15, 2010

Dear Sirs:

This letter constitutes notice of default for the loan dated as of April 1, 2002 due to the breach by EzLinks Golf, Inc. of Section 8.1(A) of the Loan and Security Agreement.

Please cure this default within fifteen business days of receipt of this notice as provided in the Loan and Security Agreement or make other arrangements acceptable to Banco Panamericano, Inc.

Yours truly,

Leon Greenblatt
President, Banco Panamericano, Inc.

**EXHIBIT D**

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is made and entered into as of this 22nd day of September, 2009 (the "Effective Date"), between BANCO PANAMERICANO, INC., a South Dakota corporation ("Banco") and LEON A. GREENBLATT, (collectively, the "Banco Parties"), and CONSORTIUM SERVICE MANAGEMENT GROUP, INC., also known as CONSORTIUM MANAGEMENT GROUP, INC., also known as CSMG TECHNOLOGIES, INC. a Texas corporation and CSMG GASTECH, LLC, a Texas LLC (collectively "CSMG") and DONALD S. ROBBINS, SR. ("Robbins"), (CSMG and Robbins are, collectively, the "CSMG Parties"), and CENTRAL RECOVERY & COLLECTION, INC., a South Dakota corporation ("CRC"). All of the foregoing are sometimes collectively referred to herein as the "Parties.")

## RECITALS

WHEREAS, in the case styled *Banco Panamericano, Inc. v. Consortium Service Management Group, Inc., also known as Consortium Management Group, Inc., and CSMG Gastech, LLC.*, Case No. 07 C 15, pending in the United States District Court for the Northern District of Illinois, Eastern Division (the "Banco Litigation"), on August 28, 2008, the Court entered judgment in favor of Banco and against CSMG in the amount of $203,800.00; on December 16, 2008, the Court amended the judgment to the amount of $726,491.914, and, on June 16, 2009, the Court awarded $474,828.46 in attorneys' fees in favor of Banco and against CSMG (the "CSMG Judgment");

WHEREAS, Banco has issued and served various Citations and Third Party Citations as respects property and assets of CSMG, and the Court has entered a Turnover Order with respect to certain assets of CSMG, and all such matters remain pending in the Banco Litigation;

{00095394.DOC \ 4}1

WHEREAS, Robbins is the CEO and President of CSMG;

WHEREAS, On July 27, 2009, Robbins purchased from Deutsche Bank, for value, a judgment entered June 4, 2003 and domesticated in Illinois on October 6, 2004, in the case styled *James P. Stephenson, in his capacity as trustee for the Estate of MJK Clearing, Inc. v. Leon A. Greenblatt, Banco Panamericano, Inc., Loop Corp., NOLA L.L.C., and Repurchase Corp.*, Case No. 04 C 6709, in the United States District Court for the Northern District of Illinois, Eastern Division, against Banco, Loop Corp., and Greenblatt (the "Stephenson Litigation"), as follows:

    (i)    against Loop Corp. and Leon A. Greenblatt, jointly and severally, in the amount of $551,304;

    (ii)    against Banco Panamericano, Inc. and Leon A. Greenblatt, jointly and severally, in the amount of $551,304;

    (iii)    against Leon A. Greenblatt, individually, the amount of $385,567;

    (iv)    against Loop Corp., Banco Panamericano Inc., and Leon A. Greenblatt, jointly and severally, in the amount of $114,986.93

(the "Banco Judgment").

WHEREAS, Greenblatt is the CEO and President of Banco;

WHEREAS, Robbins has issued certain Citations and Third Party Citations as respects property and assets of Banco, has filed a Motion for Turnover, and has been granted leave to file an Amended Motion to Amend Judgment against the Banco Parties in the Stephenson Litigation;

WHEREAS, CRC is a South Dakota corporation and an assignee of Banco hereunder; and

WHEREAS, the Parties have determined that it is in their respective best interests to resolve the remaining disputes and judgments between and among them, to avoid further litigation, and to eliminate additional cost, inconvenience and the risks associated with litigation;

NOW, THEREFORE, in consideration of the promises, agreements, covenants, conditions and releases contained herein, as well as for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

## AGREEMENT AND MUTUAL RELEASE

1. **Recitals**

   1.1    The recitals set forth above shall be incorporated and made a part of this Agreement.

2. **No Admission of Liability**

   2.1    Nothing in this Agreement, nor any action taken by any of the Parties in connection with the settlement of the disputes, the assignment of judgments, the dismissal of citations and/or the withdrawal of pending motions, shall constitute, or be construed as, or be deemed to be, an admission of fault, liability or wrongdoing by any Party.

3. **Payment**

   3.1    As consideration for this Agreement, and on or before September 22, 2009:

   (a)    Banco shall transfer, assign and convey all of its right, title and interest in the CSMG Judgment to Robbins or his nominee;

   (b)    Robbins shall transfer, assign and convey all of his right, title and interest in the Banco Judgment to CRC;

   (c)    CSMG shall issue Two Million restricted shares of CSMG Technologies, Inc., common stock in the name of CRC;

   (d)    CSMG shall transfer, assign and convey all of its right, title and interest in that certain carbon dioxide separator and related equipment inventory as listed on Exhibit A attached hereto ("CO2 Scrubber"), located in Satsuma, Alabama, as is, where is, and without any representations or warranties to CRC (the Mechanical Technical Services'

("MTS") equipment storage invoice of approximately $34,000 (the "MTS Invoice") shall be paid off in full by Banco or its nominee with a $20,000 payment issued by or on behalf of CSMG on September 22, 2009 via certified or cashier's check to CRC and the remaining balance of approximately $14,000 to be paid by or on behalf of Banco or its nominee); and

    (e)    CSMG shall transfer, assign and convey all of its right, title and interest in U.S. Patent No. US 6,020,680 B2 relating to the CO2 Scrubber to Central Recovery & Collection, Inc.

## 4. Transfer/Issuance Terms

    4.1    The transfers and issuance of shares of stock described in Section 3.1 (a-e) herein are contingent upon:

    (a)    the receipt of a duly authorized and fully executed original of this Agreement by each of the Parties;

    (b)    the receipt of a fully executed assignment of all of Banco's interest in and to the Banco Judgment in the form attached hereto as Exhibit B;

    (c)    the receipt of a fully executed assignment of all of Robbins' interest in and to the CSMG Judgment in the form attached hereto as Exhibit C;

    (d)    dismissal of all Citations to Discover Assets issued by Banco, and withdrawal of all pending motions in the Banco Litigation;

    (e)    dismissal of all Citations to Discover Assets issued by Robbins, and withdrawal of all pending motions in the Stephenson Litigation; and

    (f)    CSMG issuing a Bill of Sale for the CO2 Scrubber and related ancillary equipment owned by CSMG to Central Recovery & Collection, Inc. in the form attached hereto as Exhibit D and an Assignment of Patent of U.S. Patent No. US 6,202,680 B2 in

the form attached hereto as Exhibit E. CSMG disavows any rights, title or interest in the following: (i) GCMS machine/utility interconnect equipment; (ii) LFG Compressor Skid, including knock out, motor and reciprocating compressor (Vane-Tek).

4.2    All documents, payments assignments and bills of sale necessary to effectuate the terms of this Agreement shall be simultaneously exchanged by counsel for the respective parties on or before September 22, 2009.

4.3    Upon receiving CSMG's $20,000.00 payment towards the MTS Invoice pursuant to Section 3.1 (d) above, Banco or its assignee shall remit payment in full to MTS and shall assume all future obligations under the equipment storage agreement between CSMG and MTS. Banco, Greenblatt, and CRC agree to defend, indemnify and hold harmless CSMG, including CSMG's reasonable attorneys' fees and costs, for any claim, cause of action, suit, dispute or demand made against CSMG arising out of the storage of the $CO_2$ Scrubber at MTS's facility in Satsuma, Alabama.

4.4    Each of the Parties hereto shall bear its own attorneys' fees and costs incurred in connection with the provisions and requirements of Paragraphs 3 and 4 hereof, and with respect to this Settlement Agreement, except as specifically provided herein.

## 5.    **Mutual Release**

5.1    Banco and Greenblatt, on behalf of themselves and each of their respective heirs, owners, stockholders, members, managers, partners, officers, directors, employees, representatives, attorneys, agents, predecessors, successors, assigns, affiliates, parents, and subsidiaries, hereby release, waive, disclaim, and discharge Robbins and CSMG and their respective heirs, owners, stockholders, members, partners, officers, directors, employees, representatives, attorneys, agents, predecessors, successors, assigns, affiliates, parents, and subsidiaries from any and all claims, counterclaims, actions, causes of action, lawsuits,

{00095394.DOC \ 4}                                    - 5 -

proceedings, adjustments, offsets, liabilities, controversies, costs, expenses, attorneys' fees, and losses whatsoever, whether in law, in bankruptcy, or in equity, and whether based on any federal law, state law, common law right of action or otherwise, foreseen or unforeseen, matured or unmatured, known or unknown, fixed or contingent, which Banco and Greenblatt now have or may have by reason of any act, omission, conduct, matter, cause, or event occurring and/or existing from the beginning of time through and including the Effective Date, including but not limited to the claims set forth in the Banco Litigation. This release shall not relieve Robbins and/or CSMG from any of their obligations pursuant to the terms of this Agreement.

5.2    Robbins and CSMG, on behalf of themselves and each of their respective heirs, owners, stockholders, members, partners, officers, directors, employees, representatives, attorneys, agents, predecessors, successors, assigns, affiliates, parents, and subsidiaries, hereby release, waive, disclaim, and discharge Banco, Greenblatt and their respective heirs, owners, stockholders, partners, members, managers, officers, directors, employees, representatives, attorneys, agents, predecessors, successors, assigns, affiliates, parents, and subsidiaries from any and all claims, counterclaims, actions, causes of action, lawsuits, proceedings, adjustments, offsets, liabilities, controversies, costs, expenses, attorneys' fees, and losses whatsoever, whether in law, in bankruptcy, or in equity, and whether based on any federal law, state law, common law right of action or otherwise, foreseen or unforeseen, matured or unmatured, known or unknown fixed or contingent, which any of Robbins and CSMG now have or may have by reason of any act, omission, conduct, matter, cause, or event occurring and/or existing from the beginning of time through and including the Effective Date, including but not limited to the claims set forth in the Stephenson Litigation. This release shall not relieve Banco, Greenblatt and/or CRC from any of their obligations pursuant to the terms of this Agreement.

5.3     The Parties intend their respective release of claims to be broadly construed so as to resolve all pending and potential disputes between them including, but not limited to, all claims which were raised, or which could have been raised, in the Banco Litigation or the Stephenson Litigation and all claims and potential claims under any federal, state or local statute, ordinance, regulation or order, and all claims sounding in contract, tort or other statutory and/or common law basis.

## 6.     No Further Actions, Suits or Claims

6.1     The Parties agree that none of the Parties shall in any manner challenge the validity, legality or enforceability of this Agreement.  The Parties agree not to sue or in any way assist or encourage any other person or entity in suing any Party named herein (including their officers, directors, managers, owners, shareholders, partners, members, employees, representatives, attorneys, agents, successors, affiliates or assigns) with respect to any claim released herein.  This Agreement may be pleaded by a Party as a full and complete defense to, and may be used as the basis for a claim for injunctive relief against, any action, suit, claim or other proceeding that may be threatened, instituted, prosecuted or attempted in breach of the covenants contained herein.  Notwithstanding the foregoing, nothing contained in this Section 6.1 shall restrict any Party from enforcing the terms of this Agreement, and in any action to enforce the provisions of this Agreement, the prevailing party shall be entitled to reimbursement of its reasonable attorney's fees incurred in such enforcement action.

## 7.     Express Warranties and Representations

7.1     Banco and Greenblatt represent and warrant to Robbins and CSMG that Banco is the sole owner of the CSMG Judgment, that they have not assigned, pledged, hypothecated, subrogated or transferred or purported to assign, pledge, hypothecate, subrogate or transfer any

of Banco's rights to or ownership interest in the CSMG Judgment, and that there are no persons other than Banco who have an ownership interest or rights in the CSMG Judgment.

7.2    Robbins and CSMG represent and warrant to Banco and Greenblatt that Robbins is the sole owner of the Banco Judgment, that he has not assigned, pledged, hypothecated, subrogated or transferred or purported to assign, pledge, hypothecate, subrogate or transfer any of Robbins' rights to or ownership interest in the Banco Judgment, and that there are no persons other than Robbins who have an ownership interest or rights in the Banco Judgment.

**8.    Confidentiality**    The Parties hereby agree that neither they nor their affiliates, attorneys or other representatives will, directly or indirectly, disclose to third parties the facts, terms and conditions of this Agreement, except:  (i) as necessary to enforce the terms of this Agreement; (ii) as reasonably necessary in connection with any audits, or financial or legal due diligence; (iii) insofar as it is necessary to reveal the terms hereof to their attorneys, accountants, and/or tax preparers; (iv) in response to a properly issued subpoena; (v) in response to inquiries or investigations by local, state or federal authorities or agencies; (vi) in filings with the Securities and Exchange Commission or (vii) as may be otherwise required by law.  Notwithstanding any of the above, when referring to the Stephenson Litigation or Banco judgment, it shall only be referred to as "other consideration" in the context of this settlement.

**9.    Authority and Acknowledgment of Contents and Effect**

9.1    The Parties each represent that they are fully authorized to enter into this Agreement and to execute Exhibits B-E attached hereto, and that no further authority, approval or ratification by any person, board of directors, officers, parent companies or affiliates is needed or required.

{00095394.DOC \ 4}    - 8 -

9.2     The Parties each acknowledge that they are represented by counsel, that they and their respective counsel have read the terms of this Agreement and fully understand the same.

9.3     The Parties have signed this Agreement of their own free will.

**10.    Counterparts**

10.1    This Agreement may be executed in counterparts.

10.2    Executed facsimile transmissions of this Agreement shall be deemed originals and shall be fully enforceable.

**11.    Enforceability and Severability**

11.1    If any provision of this Agreement is held to be invalid or unenforceable, then, to the extent that such invalidity or unenforceability shall not deprive the Parties of any material benefit intended to be provided by this Agreement, the remaining provisions of this Agreement shall remain in full force and effect and shall be binding on the Parties.

**12.    Choice of Law, Exclusive Venue and Personal Jurisdiction**

12.1    The Parties agree that this Agreement is made in, and shall be governed by the internal laws of, the State of Illinois without reference to Illinois conflict of law rules.

12.2    The Parties agree that any and all disputes arising out of or related to this Agreement shall be brought in the United States District Court for the Northern District of Illinois.

**13.    Modification and Entire Agreement**

13.1    This Agreement contains the entire understanding between the Parties as respects its subject matter. This Agreement may not be modified, altered, changed or amended except by an instrument in writing that is signed by the Parties.

13.2    This Agreement supersedes any and all prior agreements, contracts, courses of dealing, customs and/or understandings between or among the Parties, whether written or oral, and constitutes the entire agreement between the Parties.

AGREED AND ACCEPTED:

BANCO PANAMERICANO, INC.,

By: _____

Its: _____

LEON A. GREENBLATT

_____

CONSORTIUM SERVICE
MANAGEMENT GROUP, INC., also known
as CONSORTIUM MANAGEMENT
GROUP, INC., also known as CSMG
TECHNOLOGIES, INC.

By: _____

Its: _____

CSMG GASTECH, LLC

By: _____

Its: _____

DONALD S. ROBBINS, SR.

_____

CENTRAL RECOVERY & COLLECTION, INC.

By: _____

Its: _____

{00095394.DOC \ 4}                    - 10 -

AGREED AND ACCEPTED:

BANCO PANAMERICANO, INC.,

By:_____
Its:_____

LEON A. GREENBLATT

_____

CONSORTIUM SERVICE
MANAGEMENT GROUP, INC., also known
as CONSORTIUM MANAGEMENT
GROUP, INC., also known as CSMG
TECHNOLOGIES, INC.

By:_____
Its:_____

CSMG GASTECH, LLC

By:_____
Its:_____

DONALD S. ROBBINS, SR.

_____

- 10 -