# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | Young B. Kim |
|---|---|---|---|
| **CASE NUMBER** | 05 CV 3788 | **DATE** | May 9, 2011 |
| **CASE TITLE** | Wachovia Securities, LLC v. Loop Corp. | | |

**DOCKET ENTRY TEXT**

The Motion to Strike Plaintiff's First Supplemental Third-Party Citation to Discover Assets of EZ Links Golf, Inc. [303] is denied.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

Third party citation respondent EZ Links Golf, Inc. ("EZ Links") moves to strike the first supplemental third-party citation to discover assets filed by Wachovia Securities, Inc. ("Wachovia") on April 6, 2011. Wachovia served its original citation on EZ Links on August 17, 2009. EZ Links argues that pursuant to Illinois Supreme Court Rule 277(f), the original citation automatically expired on March 17, 2010. Based on that assumption, it argues that Wachovia was required to seek leave of the court before serving its supplemental citation. EZ Links asserts that because such leave was neither sought nor granted, the supplemental citation must be stricken.

Under Federal Rule of Civil Procedure 69, supplementary proceedings to enforce a judgment "must accord with the procedure of the state where the court is located." *See also Cacok v. Covington*, 111 F.3d 52, 53 (7th Cir. 1997). Illinois Supreme Court Rule 277(e) affords the court broad discretion to ensure that citation proceedings unfold efficiently and informally while avoiding the harassment of anyone involved. *See also Resolution Trust Corp. v. Ruggiero*, 994 F.2d 1221, 1226 (7th Cir. 1993). Although Supreme Court Rule 277(f) provides that a citation expires automatically six months after the date of service, it also emphasizes that the court may grant extensions "as justice may require." The Seventh Circuit has made clear that where citation proceedings are delayed by the respondent's conduct, "these delays could be thought of as continuances extending the six-month period." *Resolution Trust Corp.*, 994 F.3d at 1228. In other words, "a debtor who by his own actions delays the citation proceeding should be estopped to plead the deadline." *Id.* That is true whether or not a party has requested an extension from the court. *See West Bend Mut. Ins. Co. v. Belmont State Corp.*, 09 CV 354, 2010 WL 5419061, at *5 (Dec. 23, 2010).

Wachovia has demonstrated that the delays in the proceedings related to the original citation served on EZ Links are attributable in large part to EZ Links's conduct. According to EZ Links's Chief Financial Officer, EZ Links's board of directors includes the same three individuals who own Loop Corp. ("Loop"), the judgment debtor. Wachovia asserts that in the more than 21 months since it served the original citation, EZ Links has failed to

produce requested corporate records. Wachovia asserts that even after EZ Links's corporate representative acknowledged that it failed to produce a document to which Wachovia was entitled, EZ Links continued to ignore its multiple follow-up requests. In its reply to the current motion, EZ Links does not dispute that characterization of the events. Because Wachovia has shown that many of the delays in these proceedings lay at EZ Links's feet, the original citation implicitly continued beyond the six-month mark. *See West Bend*, 2010 WL 5419061 at *5.

EZ Links also argues that the supplemental citation should be stricken because it was not served in accordance with Illinois Supreme Court Rule 105(b). Specifically, it argues that Wachovia was required to serve the supplemental citation by certified or registered mail to EZ Links's registered agent, and that service upon EZ Links's counsel of record is insufficient. But as explained in *Martin v. C.D. Gray, Inc.*, 110 F.R.D. 398, 401 (N.D. Ill. 1986), the service rules exist primarily to ensure that due process requirements are met, and this court has been reluctant "to elevate form over substance" in these matters. Due process requires "reasonable assurance that notice was actually given to the party." *Id.* (quoting *Manley Motor Sales Co. v. Kennedy*, 419 N.E.2d 947, 950 (Ill. App. Ct. 1981)). Because Wachovia served the supplemental citation on EZ Links's attorney of record in the course of on-going proceedings, there is no doubt that EZ Links received the required notice. Accordingly, EZ Links's argument with respect to the service deficiency does not justify the relief requested.

In the interest of completeness, it must be noted that even if this court were to agree that the original citation expired in March 2010, or that the service of the supplemental citation was fatally flawed, this court would be inclined to grant leave to Wachovia to re-issue its supplemental citation. The supplemental citation is designed to assess EZ Links's current financial health. As Wachovia points out, the information sought in the supplemental citation is necessary for the turnover order to be properly executed, because it will facilitate an informed evaluation of the bids in the sale of Loop's shares in EZ Links. It is not designed to harass EZ Links but is structured to facilitate an efficient turnover of Loop's assets to finally conclude a supplemental proceeding which has been anything but swift.