IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WACHOVIA SECURITIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05 C 3788 |
| | ) | |
| v. | ) | Judge Joan B. Gottschall |
| | ) | |
| LOOP CORP., | ) | Magistrate Young B. Kim |
| | ) | |
| Defendant. | ) | |

**WACHOVIA SECURITIES, LLC'S RESPONSE BRIEF TO
BANCO'S MOTION REGARDING ESCROW INSTRUCTIONS**

Plaintiff Wachovia Securities, LLC, n/k/a Wells Fargo Advisors, LLC ("Wachovia"), respectfully submits this Brief in response to the Motion by Banco Panamericano, Inc. ("Banco") regarding the content of the parties' escrow instructions (Dkt. 335).

**RESPONSE ARGUMENT**

For ease of reference, Wachovia will simply refer to the escrow instructions attached as "Exhibit A" to Banco's motion. Those escrow instructions contain Banco's proposed revisions to the instructions that were prepared by Wachovia, Golf Venture, and the escrow agent, JP Morgan Chase.

In its motion, Banco identifies fifteen (15) material revisions to the Wachovia-JP Morgan version of the escrow instructions. Wachovia is in agreement with the majority of Banco's proposed revisions. Notwithstanding those points of agreement, however, there are some very important points upon which the parties continue to disagree, which are set forth below. The following issues remain in dispute and, pursuant to Paragraph 4 of the Turnover Order (Dkt. 312), Wachovia respectfully requests that the Court rule in favor of Wachovia:

### ISSUE #1: RECITALS D AND F

**Banco's Position:** According to Banco, "The numbered paragraphs in Recital D and the entirety of Recital F purport to be a summarization by Wachovia and Golf Venture of the terms of the Turnover Order. The Turnover Order itself, however, is already attached to the Instructions and incorporated therein per Recital C. As a matter of draftsmanship if nothing else, an attempted summarization of the terms of an instrument already incorporated into a document can only be problematic. In addition, the summarization by Wachovia and Golf Venture is inaccurate in several respects. But again, that is a dispute that need [not] be addressed because the Turnover Order itself is already incorporated into the Instructions."

**Wachovia's Response:** Banco's objection on the ground of "draftsmanship" misses the mark. The purpose of Recitals D and F is to inform and advise the escrow agent, JP Morgan, about the purpose behind the escrow agreement and the reasons for the instructions. Thus, it is perfectly accurate and appropriate – indeed, necessary – to advise JP Morgan that:

(a) JP Morgan, as escrow agent, is being engaged to: (1) facilitate the turnover and sale of certain shares of common and preferred stock of EZ Links, for the benefit of Loop's judgment creditors, Wachovia and Golf Venture; (2) collect the sale proceeds from the private sale of those shares in accordance with the Turnover Order; (3) hold the sale proceeds in trust for the benefit of Wachovia and Golf Venture; (4) distribute the sale proceeds to Wachovia and Golf Venture, up to the amount of their respective judgments; and (5) give effect to the terms and conditions of the Turnover Order; and

(b) The parties' private placement and sale of the EZ Links Stock is being undertaken for the purpose of: (1) liquidating and selling the EZ Links Stock, either in its entire lot or such lesser amount of shares as are necessary to satisfy the Wachovia Judgment and Golf Venture Judgment, and (2) distributing the sale proceeds to Wachovia and Golf Venture up to the amount of their respective Judgments.

Simply referring to the Turnover Order – even by incorporating its terms by reference – is insufficient, because JP Morgan is not a party to the Turnover Order.

### ISSUE #2: PAGE 2, PARAGRAPH 2

**Banco's Position:** According to Banco, "The EZ Links stock is also being held for the benefit of Banco, not just Wachovia and Golf Venture. As the agreed-upon paragraph 8(b)(ii) provides, 'any and all unsold shares of EZ Links Stock' are to be delivered to Banco."

**Wachovia's Response:** Banco misconstrues the purpose of the escrow instructions, misleading the escrow agent into thinking that it is holding the shares of EZ Links stock in trust for Banco. The purpose of the escrow instructions are to give effect to the Turnover Order and, in turn, the purpose of the Turnover Order is to sell Loop's 40,000,000+ shares of EZ Links stock for the benefit of Wachovia and Golf Venture. By including the language requested by Banco (without any additional clarifying language), it will create confusion, and the possibility of Banco issuing direction to the escrow agent about how to handle the disposition of EZ Links stock.

However, Wachovia would be amenable to including the following clarifying language, italicized here for ease of reference, in Paragraph 2: "The Escrow Agent shall hold the EZ Links Stock in trust, for the benefit of Wachovia and Golf Venture *(and, to the extent Paragraph 8(b)(ii) applies, Banco)*, until the Wachovia Judgment and Golf Venture Judgment have been paid in full…"

### ISSUE #3: PAGE 3, PARAGRAPH 7(B)(II)

**Banco's Position:** According to Banco, "The Sale Proceeds are also being held for the benefit of Banco, not just Wachovia and Golf Venture. As the agreed-upon paragraph 8(b)(i)(D) provides, once the Sale Proceeds exceed the amount of the Wachovia and Golf Venture judgments and the fees of the Escrow Agent, the 'remainder of the Sale Proceeds shall be distributed to Banco.'"

**Wachovia's Response:** The issue (and the problem with Banco's proposed language) is the same as identified above in "Issue #2." The solution is also the same. Wachovia would be amenable to including the following clarifying language in Paragraph 7(b)(ii), italicized here for ease of reference: "The Escrow Agent shall: (ii) Hold the Sale Proceeds in trust for the benefit of Wachovia and Golf Venture *(and, to the extent Paragraph 8(b)(i)(D) applies, Banco)*, and not distribute any of the Sale Proceeds to any of the Parties (or any third-party) other than as set forth in these Instructions…"

Issue #4: Page 6, paragraph 12, last sentence

**Banco's Position:** Banco argues, "This sentence should be removed because it contradicts paragraph 7(b) which requires the Escrow Agent to collect the sale Proceeds from the buyer."

**Wachovia's Response:** Paragraphs 11-20, inclusive, of the Turnover Order were prepared by JP Morgan, and are part-and-parcel of JP Morgan's standard escrow instructions. Accordingly, it is unlikely that JP Morgan would agree to any escrow instructions that modified or revised this "standardized" language.

Moreover, Banco's concern misses the mark. The purpose of JP Morgan's language is to make it clear that the escrow agent does not have an obligation to *solicit* sale proceeds – in other words, the escrow agent will not act as a collection agency and solicit the payments for the shares of EZ Links stock. This is perfectly consistent with Paragraph 7(b) of the escrow instructions, which simply require the escrow agent to *collect* the sales proceeds *as those proceeds are deposited with the escrow agent by the buyers.*

### ISSUE #5: PAGE 7, PARAGRAPH 15(B)

**Banco's Position:** According to Banco, "This subparagraph should be removed because it conflicts with paragraph 13 of the Turnover Order."

**Wachovia's Response:** Paragraph 15(b) was included by JP Morgan, and is absolutely necessary to provide JP Morgan with security for payment (it gives JP Morgan a lien over any sales proceeds deposited, up to the amount of its escrow fees). It is not inconsistent with Paragraph 13, which simply prohibits Banco, Loop and EZ Links from taking any steps to diminish, dilute or dispose of Loop's shares of EZ Links stock (or the assets of EZ Links). Instead, the language is perfectly consistent with the Turnover Order, which requires the parties to engage JP Morgan as the escrow agent.

### ISSUE #6: PAGE 14, SCHEDULE 1

**Banco's Position:** According to Banco, "Banco has been added to Schedule 1 because as the agreed-upon paragraph 8(b)(i)(D) provides, once the Sale Proceeds exceed the amount of the Wachovia and Golf Venture judgments and the fees of the Escrow Agent, 'the remainder of the Sale Proceeds shall be distributed to Banco.'"

**Wachovia's Response:** Schedule 1 is a listing of the persons who are authorized to give "Sale Proceeds Transfer Instructions" to the escrow agent. In order to avoid confusion – and the possibility that somebody from Banco would give improper instructions – the inclusion of Banco must also contain the express notation, ***"only pursuant to Paragraph 8(b)(i)(D)."***[1]

---

[1] Recall that it took Banco less than 24 hours to violate the Turnover Order, by trying to conduct a UCC sale of EZ Links' assets in contravention of Paragraph 13. Clearly, Banco needs to be placed on a tight leash.

WHEREFORE, Plaintiff Wachovia Securities, LLC, n/k/a Wells Fargo Advisors, LLC, respectfully requests that the Court adopt the proposed Escrow Instructions attached as "Exhibit A" to Banco's motion, but only with the additional modifications addressed above in Issue Nos. 1-6.

Dated: May 10, 2011                                  Respectfully submitted,

                                                                                            WACHOVIA SECURITIES, LLC,
                                                                                           Plaintiff

                                                                                           By:  */s/ Christopher S. Griesmeyer*
                                                                                                One of its Attorneys

Christopher S. Griesmeyer (ARDC No. 6269851)
cgriesmeyer@grglegal.com
Beau T. Greiman (ARDC No. 6225076)
bgreiman@grglegal.com
GREIMAN, ROME & GRIESMEYER, LLC
200 West Madison, Suite 755
Chicago, Illinois 60606
(312) 428-2750

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2011, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF System which will send notification of such filing to the following via email transmission at the email addresses provided before 5:00 p.m.:

Gregory James Jordan
gjordan@akjltd.com

Louis David Bernstein
lbernstein@law-ldb.com

C. Philip Curley
pcurley@robinsoncurely.com

Susan Valentine
svalentine@robinsoncurley.com

Richard Gordon
rrg@gordonrappold.com

Stephen Cohen
sac@gordonrappold.com

Gilbert Gordon
gwg@gordonrappold.com

Robert W Walter
rww@comcast.net

                        By:  */s/ Christopher S. Griesmeyer*
                              Christopher S. Griesmeyer (ARDC No. 6269851)
                              Greiman, Rome & Griesmeyer, LLC
                              200 West Madison, Suite 755
                              Chicago, Illinois 60606
                              T: (312) 428-2750
                              F: (312) 332-2781
                              cgriesmeyer@grglegal.com