# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | Young B. Kim |
|---|---|---|---|
| **CASE NUMBER** | 05 C 3788 | **DATE** | July 7, 2011 |
| **CASE TITLE** | Wachovia Securities, LLC vs. Loop Corp | | |

**DOCKET ENTRY TEXT**

A hearing will be held in this case on Petitioner Wachovia Securities, LLC's Motion for Turnover Order Against Holowach & Pushansky, LLC, d/b/a R& J Legal Group [361] on July 14, 2011, at 11:00 a.m. The purpose of this hearing is to address the issues identified in this order and to schedule an evidentiary hearing to permit the parties to provide additional information to fill certain factual gaps.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

In its Motion for Turnover Order Against R& J Legal Group, Wachovia argues that Loop Corp. paid $10,000 to its bankruptcy attorneys at Holowach & Pushansky, LLC ("H&P") in violation of the on-going citation against Loop. In support of the motion Wachovia submits evidence that H&P presented a form to the bankruptcy court representing that Loop was paying its legal fees. In response, H&P asserts that the representation Wachovia cites was made in error. H&P now asserts that EZ Links Golf, Inc., paid its fees. In support of that assertion it submits a wire transfer statement showing that on April 28, 2011, EZ Links transferred two $5,000 wires to H&P. It further states that it "was not aware of any encumbrances on EZ Links. . . and as a result, H&P proceeded to accept funds from EZ Links to be applied to services rendered for Loop." (R. 390, H&P Resp. at 9-10.)

In its reply in support of the current motion, Wachovia points out that there were three separate occasions on which H&P represented to the bankruptcy court that Loop was paying its fees. As a result, Wachovia argues that H&P should be judicially estopped from changing its position now to say that EZ Links paid the fees. Wachovia seeks an order requiring H&P to pay $10,000 directly to Wachovia to apply toward its judgment against Loop. Alternatively, it argues that if the court finds that EZ Links paid the fees, that payment violated the district court's April 26, 2011 order, which includes restraining provisions preventing EZ Links or its agents from taking "any action that could reasonably result in . . . the disposition or diminution in value of EZ Links' . . . assets without prior Order from this Court, other than in the ordinary course of EZ Links' business." (R. 312, Order ¶ 13.) Accordingly, Wachovia argues that to the extent this court concludes that the payments were made by EZ Links, this court should order H&P to return the $10,000 to EZ Links to restore the value of its assets.

This court concludes that further evidence and argument would assist the court in resolving the current motion. First, the court notes that judicial estoppel typically does not apply in situations where the original position rested on a mistake. *See Aikens v. Soul Circus, Inc.*, No. 09 CV 6678, 2011 WL 2550828, at *5 (N.D. Ill. June 24, 2011) (collecting cases). H&P asserts in its response that its original statements identifying Loop as the source of its

| STATEMENT |
|---|
| legal fees were erroneous, but it submits no declaration, affidavit or other admissible evidence in support of that assertion. Nor does it submit any declaration or affidavit in support of its assertion that the wire transfers from EZ Links represent the payments for its legal fees. Second, the court is unsure what to make of H&P's assertion that it was not aware of any encumbrances on funds sourced from EZ Links, when Wachovia has submitted evidence showing that H&P was aware of the turnover order from the outset of its representation of Loop. (*See* R. 71, Reply Ex. A at 1-2.) Third, the court requires the parties to develop more fully the factual circumstances surrounding EZ Links' decision to pay $10,000 to H&P for another entity's legal fees, such as who from EZ Links made this decision, the justification for the payment decision and the information EZ Links exchanged with H&P about Loop's bankruptcy filing. Because filling these factual gaps will facilitate a proper resolution of the current motion, the court will invite the parties to offer suggestions on how to fill them at the hearing. |