# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 3788 | **DATE** | 8/1/2011 |
| **CASE TITLE** | Wachovia Securities, LLC vs. Loop Corp. | | |

**DOCKET ENTRY TEXT**

The motion to intervene [396] is denied.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

     Stephen McKenna, Andrew D. Weeks, Ardel V. McKenna, and Peter Lucina (the "minority shareholders") seek leave to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a). They argue that, as owners of shares that make up about 17.7% of EZLinks' outstanding equity, they will be affected by the disposition of Loop Corp.'s stock in EZLinks pursuant to this court's Turnover Order (*see* ECF No. 312). Although both EZLinks and Loop Corp. (whose shares in EZLinks comprise about 75% of EZLinks' outstanding equity) are parties in the present action, the minority shareholders claim that their interests are not adequately represented because EZLinks carries a deferred tax asset that could be affected by the purchase price of Loop Corp.'s shares.

     To intervene as of right where no statute so provides, the party seeking to intervene must show "(1) timeliness, (2) an interest relating to the subject matter of the main action, (3) at least potential impairment of that interest if the action is resolved without the intervenor, and (4) lack of adequate representation by existing parties." *Reid L. v. Ill. State Bd. of Educ.*, 289 F.3d 1009, 1017 (7th Cir. 2002). Here, the court finds that the minority shareholders' motion is not timely and that their alleged interests are adequately represented; therefore, the court denies the motion.[1]

     First, the minority shareholders' motion is not timely. As the Seventh Circuit has noted, timeliness is "fundamental not only to intervention, but to the overall conduct of a lawsuit," and the purpose of the timeliness requirement is "to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal." *Reid L.*, 289 F.3d at 1018 (quoting *Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000) (quotations and alterations omitted)). Under *Reid L.*, the court may consider factors like "(1) the length of time the intervenor knew or should have known of her interest in the case, (2) the prejudice caused to the original parties by the delay, (3) the prejudice to the intervenor if the motion is denied, and (4) any other unusual circumstances." *Reid L.*, 289 F.3d at 1018. Applying those factors here, Wachovia petitioned for confirmation of its arbitration award

back in June of 2005. In seeking to discover the Loop Corp. assets that might be used to satisfy the judgment in Wachovia's favor, Wachovia issued a citation to discover EZLinks' assets in August of 2009. EZLinks' counsel entered an appearance, and EZLinks responded to the citation the next month. Since that time, EZLinks has been an active participant in these laborious proceedings. Wachovia sought turnover of Loop Corp.'s EZLinks shares, and Judge Valdez recommended that this court grant that motion on May 5, 2010. Yet the minority shareholders did not move to intervene until over a year later, on May 20, 2011 (*see* ECF No. 357). Nor do they address when they became aware that their interests might be at stake or why they waited to file their motion until now. Not only that, but final resolution of this matter has evaded the parties for over six years. The court believes that allowing the minority shareholders to intervene at this late stage would prejudice the parties by creating the potential for additional delay. In the words of the Seventh Circuit, the resolution of this litigation is "within sight" and the court is loathe to do anything that would introduce even more delay than it already is forced to grapple with at every turn. On the other hand, the minority shareholders will not be prejudiced by the denial of their motion; as the court will explain, whatever interests they have are adequately represented.

The minority shareholders have informed the court that they do not object to the terms of the Turnover Order; in fact, they describe their interest as "seeing that the sale of the Loop Shares is properly conducted according to the Turnover Order." (Of course, the court has that same interest—it is the court's order that governs the conduct of the parties and the court has the ability to sanction any party that fails to comply.) Instead, the minority shareholders claim they are concerned that Loop Corp., Wachovia, and Golf Venture will not adequately protect their interests. They devote just three sentences to Loop Corp.'s interest—Loop Corp. is a majority shareholder, and "given its actions in this case and others" Loop Corp. is "too conflicted" to represent the minority shareholders' interests—and three sentences to Wachovia and Golf Venture. The minority shareholders claim that Wachovia and Golf Venture have no interest whatever in the future of EZLinks and its profitability as long as their judgments are satisfied.

The court is not convinced by these arguments–it appears to the court that at the very least, Loop Corp. has a very strong interest in obtaining the highest possible value for its shares in EZLinks. But more importantly, the minority shareholders completely ignore the most relevant party: EZLinks itself. Curiously, the minority shareholders chose not to even mention EZLinks' interest in their motion. The court finds that EZLinks adequately represents the minority shareholders' interests because EZLinks' interests are aligned with those of the minority shareholders. The court has no reason to think that EZLinks wants anything less than the maximum amount for the sale of Loop Corp.'s EZLinks shares. Certainly the minority shareholders have provided no reason to think otherwise, and it is their burden to convince the court that intervention is necessary. Because the minority shareholders' interests are adequately represented by EZLinks, the court denies the motion to intervene.

As Wachovia points out, despite having two prior bites at the apple the minority shareholders still have not comported with the requirement that they attach "a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). For this reason as well, the court would deny leave to intervene: not as the result of some "hypertechnical" attempt to force compliance with the rules, *see United States v. City of Milwaukee*, 114 F.3d 524, 529 n.8 (7th Cir. 1998) but because the court is unable to pin down precisely how the minority shareholders would bring something new to the table.

---

[1.] The court makes no finding as to whether the minority shareholders' alleged interest adequately relates to the subject matter of the main action or whether that interest potentially would be impaired by sale of Loop Corp.'s EZLinks shares pursuant to the Turnover Order.